WALDRIDGE HOSIERY MILL *v.* HARTFORD STEAM
BOILER INSPECTION & INS. Co.

5-3451                                386 S. W. 2d 938

Opinion delivered February 22, 1965.

*John L. Anderson,* for appellant.

*Roscopf & Raff,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit on a business interruption insurance policy for loss sustained following damage to a boiler in a hosiery mill.

Appellee Hartford Steam Boiler Inspection and Insurance Company insured the boiler of appellant Waldridge Hosiery Mill, Inc., against various kinds of damage. The policy in effect on October 19, 1959, contained a prevention of business endorsement insuring appellant against business production loss in the sum of $200 per day up to a limit of $20,000 should appellant's business be shut down by virtue of, among other things, boiler explosions. Appellant's boiler was damaged on October 19, 1959, and the business was interrupted during repairs. Appellee denied liability under the policy endorsement claiming that the business loss was caused by fire, not explosion, citing two exclusions in the endorsement as follows:

"The Company shall not be liable for payment for any prevention of business . . .

c. Resulting from fire concomitant with or following an Accident or from the use of water or other means to extinguish fire;

d. Resulting from an Accident caused directly or indirectly by fire or from the use of water or other means to extinguish fires; . . `."

Appellant filed suit in Phillips Circuit Court on October 10, 1961, praying judgment for $2,000 for ten days' business interruption, plus the statutory penalty and attorney's fee. The trial court sitting as both judge and jury heard the case on March 6, 1964. The court found "that the damages and prevention of business experienced by appellant resulted from fire concomitant with and following an accident and is included within exclusion 'C' under the terms and conditions of the policy sued on." From judgment dismissing its complaint, appellant has prosecuted this appeal.

For reversal appellant contends that the policy of insurance was in full force and effect at the time of the time of the explosion of the boiler and appellee failed to prove that it was of such a nature as to come within the exclusions or exceptions of the policy.

This being an appeal from circuit court (as opposed to chancery) our function on appeal is to determine whether there is substantial evidence to support the judgment of the trial court. The parties stipulated that the policy sued on was in full force and effect and a specimen copy was introduced. The question here then is whether there is substantial evidence to support the trial court's finding that appellant's business interruption was caused by fire, which was excluded by the policy, rather than by explosion, which was covered.

There were three witnesses in this case. Appellant's president, who is long experienced in the plumbing and heating business, and the head of the firm that repaired appellant's boiler both testified on behalf of appellant that the damage was caused by explosion. A state boiler inspector who has been in appellee's employ for 28 years

testified on behalf of appellee that the damage was caused by fire. The latter two witnesses were both unusually well qualified in this field and obviously respected each other's professional opinion, although they reached opposite conclusions. The testimony is well balanced and while, where we sitting as a jury we might have reached a different conclusion, we cannot say that the judgment of the trial court, who saw, heard and questioned these witnesses, is not supported by substantial evidence. *Missouri Pacific Transportation Company* v. *Sharp,* 194 Ark. 405, 108 S. W. 2d 579.

Affirmed.